AT:psw
06-445

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*ELECTRONICALLY FILED*

ZURICH AMERICAN INSURANCE COMPANY                    PLAINTIFF,

VS.

WESTFIELD INSURANCE COMPANY
SERVE:      JOHN T. H. BATCHELDER
            ONE PARK CIRCLE
            P. O. BOX 5001
            WESTFIELD CENTER, OHIO 44251-5001

AND

GOVERNMENT EMPLOYEES INSURANCE COMPANY
D/B/A GEICO GENERAL INSURANCE COMPANY
SERVE:      MARY ZARCONE
            ONE GEICO CENTER
            MACON, GEORGIA   31295

AND

REPUBLIC DIESEL, INC.
SERVE:      STEVE GETTELFINGER
            305 EAST COLLEGE STREET
            P. O. BOX 35650
            LOUISVILLE, KENTUCKY

AND

REPUBLIC WELDING COMPANY
SERVE:      GEORGE R. SOTSKY
            3000 WEST BROADWAY
            LOUISVILLE, KENTUCKY   40211

AND

**REPUBLIC INDUSTRIES INTERNATIONAL, INC.**
**SERVE:    CARL F. COSLOW**
               **3000 WEST BROADWAY**
               **LOUISVILLE, KENTUCKY   40211**

**AND**

**SANDRA J. BRACE**
**PERSONAL REPRESENTATIVE OF THE ESTATE OF**
**ROB BRACE, DECEASED**
**SERVE: SANDRA J. BRACE**
         **C/O   WILLIAM D. NEFZGER**
                **O'KOON, HINTERMEISTER, PLLC**
                **1100 PNC PLAZA**
                **500 WEST JEFFERSON STREET**
                **LOUISVILLE, KENTUCKY 40202**

**AND**

**THOMAS R. MERRIETT**
**175 SEMINOLE COURT**
**SHEPHERDSVILLE, KENTUCKY 41085**                                **DEFENDANTS.**

## COMPLAINT FOR DECLARATION OF RIGHTS

Now comes the Plaintiff, **ZURICH AMERICAN INSURANCE COMPANY**, and for its Complaint for Declaration of Rights herein states as follows:

1.     The Plaintiff, Zurich American Insurance Company, is a corporation incorporated under the laws of the State of New York, having its principal place of business in the State of Illinois.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332.

2.     The Defendant, Westfield Insurance Company, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business in the State of Ohio.

3.     The Defendant, Government Employees Insurance Company d/b/a Geico General

Insurance Company, is a corporation incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland.

4. The Defendant, Republic Diesel, Inc., is a corporation incorporated under the laws of the Commonwealth of Kentucky, having its principal place of business in the Commonwealth of Kentucky.

5. The Defendant, Republic Welding Company, is a corporation incorporated under the laws of the Commonwealth of Kentucky, having its principal place of business in the Commonwealth of Kentucky.

6. The Defendant, Republic Industries International, Inc., is a corporation incorporated under the laws of the Commonwealth of Kentucky, having its principal place of business in the Commonwealth of Kentucky.

7. The Defendant, Sandra Brace, personal representative of the estate of Rob Brace, deceased, is a citizen and resident of the State of Idaho and the decedent was, at the time of his death, a citizen and resident of the State of Idaho.

8. The Defendant, Thomas R. Merriett, is a citizen and resident of the Commonwealth of Kentucky.

9. On or about April 10, 2003, the Defendant, Thomas R. Merriett, was operating a 1995 International Truck, Vehicle Identification No. 1HTSDAANOSH249127, at or near the intersection of Newtown Pike and Aristides Blvd. in Lexington, Fayette County, Kentucky, and at that time and place a collision occurred between that vehicle and a vehicle occupied by Rob Brace.

10. On or about August 8, 2005, Rob Brace instituted an action in Fayette Circuit

Court, Case No. 05-CI-3409, against Thomas R. Merriett, Republic Industries, Republic Welding Company, and Republic Industries International, Inc. alleging personal injuries arising out of the aforementioned collision.  At a later date, Mr. Brace died and the Defendant, Sandra J. Brace, personal representative of the estate of Rob Brace, deceased, was substituted as party-plaintiff in the Fayette Circuit action. At the time of the motor vehicle collision out of which the Fayette Circuit Court action grows, Mr. Brace was a non resident of the Commonwealth of Kentucky, operating a motor vehicle on the public roadways of the Commonwealth of Kentucky, and this court has jurisdiction in this action against Mr. Brace's personal representative, pursuant to KRS 188.020.

11. The Plaintiff, Zurich American Insurance Company, is an insurance company authorized to do business within the Commonwealth of Kentucky and had issued its Policy No. CPO 2908938-00 to Republic Welding Company and Republic Welding Company d/b/a Republic Industries, Inc. with a coverage period of October 1, 2002 to October 1, 2003.

12. At the time of the aforementioned collision, the Defendant, Thomas R. Merriett, was an employee of one or more of the Defendants named in the Brace lawsuit and the Plaintiff immediately undertook the defense of the Defendants in that action.

13. In the course of defending the Defendants in the Fayette Circuit Court action, the Plaintiff learned that the motor vehicle being operated by the Defendant Merriett at the time of the collision, while titled in the name of "Republic Industries" was specifically identified on a Schedule of Insured Vehicles in a policy of insurance issued by Westfield Insurance Company to the Defendant, Republic Diesel, Inc., Westfield Insurance Company Policy No. CWP 3 415 323 with a policy period of October 1, 2002 to October 1, 2003.

14. The Plaintiff is also informed that at the time of the collision the Defendant, Republic Diesel, Inc., did have or may have had a business agreement with Republic Welding, Inc. and/or Republic Industries International, Inc. whereby the Defendant Merriett worked for Republic Diesel, Inc. as well as the other employers of Merriett.

15. Based upon the facts currently known and as facts may be discovered, the Plaintiff contends that the Defendant, Westfield Insurance Company, owes the Defendants in the Fayette Circuit Court action the duties of defense and indemnification, as opposed to the Plaintiff owing those duties, or alternatively, the Defendant, Westfield Insurance Company, should share costs of expense and indemnification in proportion according to their respective coverages and their respective "other insurance" policy provisions.

16. Further, the Plaintiff is or may be entitled to reimbursement by Westfield Insurance Company of all or part of the costs of defense paid and incurred by the Plaintiff in the defense of the Fayette Circuit Court action.

17. The Defendant, Government Employees Insurance Company d/b/a Geico General Insurance Company, has asserted a claim for subrogation in the Fayette Circuit Court action; based upon the facts known and to be discovered, any recovery by the Defendant, Government Employees Insurance Company d/b/a Geico General Insurance Company, should be the responsibility of the Defendant, Westfield Insurance Company, or alternatively, any recovery by Government Employees Insurance Company d/b/a Geico General Insurance Company should be apportioned between the Plaintiff and Westfield Insurance Company according to their respective coverages and their respective "other insurance" policy provisions.

**WHEREFORE**, Plaintiff, Zurich American Insurance Company, demands that the court

declare the rights of the parties, specifically declaring that defense of the Defendants in the Fayette Circuit Court action cited above, and any indemnification paid on behalf of the Defendants in the Fayette Circuit Court action cited above, and any subrogation rights and recoveries by the Defendant, Government Employees Insurance Company d/b/a Geico General Insurance Company, are the sole responsibility of the Defendant, Westfield Insurance Company, or alternatively, costs of defense and indemnification and subrogation should be borne by the Plaintiff and Westfield Insurance Company in proportion to their coverage and "other insurance" policy provisions, and for any and all other and proper relief to which it may appear entitled.

    Respectfully submitted,

    /s/ ARNOLD TAYLOR
    O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
    25 Crestview Hills Mall Road, Suite 201
    P. O. Box 17411
    Covington, Kentucky 41017-0411
    (859) 331-2000
    FAX (859) 578-3365
    ataylor@ortlaw.com
        ATTORNEYS FOR PLAINTIFF, ZURICH AMERICAN
        INSURANCE COMPANY

E:\docs\Westfiel.zur\Complaint 4.23.07.wpd